IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BARON ELLIS,**
    Plaintiff,

vs.                                       **CASE NO.: 5:07cv220/RS/MD**

**S. HARRELL, et al.,**
    Defendants.

## REPORT AND RECOMMENDATION

      This cause is before the court upon referral from the clerk. Plaintiff, a federal prisoner proceeding *pro se*, initiated this action on September 18, 2007 by filing a civil complaint under 28 U.S.C. § 1331. (Doc. 1). On December 5, 2007 this court granted plaintiff leave to proceed *in forma pauperis,* and assessed an initial partial filing fee of $54.81. (Doc. 8). Plaintiff was directed to pay the initial partial filing fee within thirty (30) days. On January 10, 2008, after receiving no response from plaintiff, the court entered an order directing plaintiff to show cause within twenty (20) days why this case should not be dismissed. (Doc. 9). To date, plaintiff has not responded to the show cause order, nor has paid the initial partial filing fee.

      Accordingly, it is respectfully RECOMMENDED:

      1. That this cause be DISMISSED without prejudice for plaintiff's failure to comply with an order of the court.

      2. That the clerk be directed to close the file.

      At Pensacola, Florida, this 13th day of February, 2008.

                                              /s/ *Miles Davis*
                                              **MILES DAVIS**
                                              **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**